LEVENTHAL & KLEIN, LLP
60 Bay Street, 7th Floor
Staten Island, New York 10301
(718) 556-9600

Attorneys for Plaintiff JOELLE HOROWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOELLE HOROWITZ,                                                    **COMPLAINT**

                                      Plaintiff,

                                              05 CV 9100
                                              (GBD)(DFE)

         -against-

CITY OF NEW YORK, POLICE OFFICER RYAN NORMAN
(Shield No. 07416), and JOHN and JANE DOES 1 Through 10,    <u>Jury Trial Demanded</u>
individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                        Defendants,

--------------------------------------------------------------------------------X

       Plaintiff JOELLE HOROWITZ, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States.

## **JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act.  Plaintiff also brings this action under the laws of the State of New York for damages arising by reason of the assault, battery, intentional infliction of emotional distress, failure to properly hire, train, and supervise, failure to provide proper medical care, and negligence.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

      5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

      6.      Plaintiff JOELLE HOROWITZ is a female, and at all relevant times a resident of the County of New York, City and States of New York.  At all times hereinafter mentioned, HOROWITZ suffered from paroxysmal generalized dystonia dyskenesia, and was disabled.

      7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

      8.      Defendant CITY OF NEW YORK maintains the New York City Parks Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

      9.      That at all times hereinafter mentioned, the individually named defendants,

2

POLICE OFFICER RYAN NORMAN and JOHN and JANE DOES 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.     The following is a summary.

14.     On July 28, 2004, at approximately 6:30 p.m., plaintiff JOELLE HOROWITZ was lawfully present in vicinity of 966 Avenue of the Americas, County and State of New York.

15.     At or around that time, defendant Norman and other unknown officers and/or agents of the New York City Police Department ("NYPD"), subjected HOROWITZ to excessive and inappropriate force by forcibly grabbing, handcuffing, dragging, pushing and battering her.

16.     Plaintiff was thereafter transported to the Midtown South precinct stationhouse, where she was booked on felony charges that were subsequently dismissed.

17.     HOROWITZ was experiencing a dystonic reaction during the arrest, and notified

the arresting officers of her disability and of the fact that she was experiencing symptoms of the debilitating illness.

18.     Notwithstanding, the individual defendants responded to HOROWITZ'S complaints by laughing at her and insisting that nothing was wrong with her.  HOROWITZ continued to suffer the symptoms, which included stammering, uncontrollable shaking and loss of control of her legs.  The defendants responded by sitting on her, shoving a knee in her back, and pressing her body to the ground, which caused HOROWITZ'S head to repeatedly knock into the hard floor of the police facility.

19.     Instead of obtaining appropriate treatment for her neurological muscular disorder, the defendants unlawfully treated HOROWITZ as an "EDP", or emotionally disturbed person. She was placed in leg shackles, rear cuffed, and pushed into what appeared to be a body bag of some sort.  All the while, Ms. HOROWITZ was requesting her medication.  Her requests were ignored.

20.     HOROWITZ was taken to the psychiatric emergency room at Bellevue Hospital, where she continued to be restrained.

21.     After a few hours in the psychiatric unit, HOROWITZ was transported back to the Midtown South facility.  At that time, JOHN DOE 1 proceeded to print and photograph HOROWITZ.   However, because she was still dystonic, the officer had difficulty fingerprinting her and grew irate.  The officer threw HOROWITZ against a wall, grabbed HOROWITZ'S arm, and pulled her, and then took her by the handcuffs and dragged her up a stairwell and down a hallway to a jail cell.  While dragging HOROWITZ, who was in terrific pain and fear at the time, and who was crying, the officer pushed her backwards causing her to fall back and hit her head.

22.     Plaintiff was eventually taken from the precinct to a Central Booking facility in a

police van.  She was apparently refused at the facility for unknown reasons, and taken to yet

another facility.  She was eventually provided a wheelchair, and taken into a Manhattan

courtroom for her arraignment in the wheelchair.

23.     As a result of the foregoing, HOROWITZ sustained, *inter alia*, physical injuries,

emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(Deprivation of Rights under 42 U.S.C. § 1983)</u>

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff JOELLE HOROWITZ of the

rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth,

Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in

violation of U.S.C. 1983.

27.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Parks Police

Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The level of force employed by defendants was objectively unreasonable and in

violation of plaintiff JOELLE HOROWITZ'S constitutional rights.

32.     As a result of the aforementioned conduct of defendants, plaintiff JOELLE

HOROWITZ was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOELLE

HOROWITZ, whose constitutional rights were being violated in their presence by other officers.

35.     The defendants failed to intervene to prevent the unlawful conduct described

herein.

36.     As a result of the foregoing, plaintiff JOELLE HOROWITZ was subjected to

excessive force and sustained physical injuries, she was put in fear of her safety, and she was

humiliated and subjected to tight handcuffing and other physical restraints.  Further, plaintiff

sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
<u>(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)</u>

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as be barred by the Fourteenth Amendment.

39.     As a result of the foregoing, plaintiff JOELLE HOROWITZ was deprived of her right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
<u>(American with Disabilities Act §202)</u>

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.     The aforesaid conduct, including the failure to maintain appropriate policies for the arrest, detention, and treatment of arrestees with paroxysmal generalized dystonia dyskenesia, amounts to discrimination against the plaintiff that violates §202 of the Americans with Disabilities Act.

## AS AND FOR A SIXTH CAUSE OF ACTION
<u>(Rehabilitation Act §504)</u>

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.     The aforesaid conduct, including the failure to maintain appropriate policies for the arrest, detention, and treatment of arrestees with paroxysmal generalized dystonia dyskenesia, amounts to discrimination against the plaintiff that violates §504 of the

Rehabilitation Act,

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants issued legal process to place plaintiff JOELLE HOROWITZ under arrest.

46.     Defendants arrested plaintiff JOELLE HOROWITZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

47.     Defendants acted with intent to do harm to plaintiff JOELLE HOROWITZ without excuse or justification.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, the failure to maintain appropriate policies for the arrest, detention, and treatment of arrestees with paroxysmal generalized dystonia dyskenesia, and the policy, custom and practice of treating citizens with debilitating physical disabilities as if they were emotionally disturbed.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining,

8

training and supervising its employees that was the moving force behind the violation of plaintiff JOELLE HOROWITZ'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOELLE HOROWITZ.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York were the direct and proximate cause of the constitutional violations suffered by plaintiff JOELLE HOROWITZ as alleged herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Parks Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOELLE HOROWITZ as alleged herein.

54.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, plaintiff JOELLE HOROWITZ was unlawfully seized, assaulted, battered, detained, incarcerated, hospitalized in psychiatric ward, and subjected to physical abuse.

55.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOELLE HOROWITZ'S constitutional rights.

56.     All of the foregoing acts by defendants deprived plaintiff JOELLE HOROWITZ

of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from discrimination based on her physical disability;

      C.      To be free from unwarranted and excessive force;

      D.      To be free from malicious abuse of process;

      E.      Not to have cruel and unusual punishment imposed upon him; and

      F.      To be free from the failure to intervene.

57. As a result of the foregoing, plaintiff JOELLE HOROWITZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Pendant State Law Claims

58. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61. Plaintiff has complied with all conditions precedent to maintaining the instant action.

62. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

10

## AS AND FOR A NINTH CAUSE OF ACTION
<u>(Assault under the laws of the State of New York)</u>

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     As a result of the foregoing, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

65.     As a result of defendant's conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN TENTH CAUSE OF ACTION
<u>(Battery under the laws of the State of New York)</u>

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants made offensive contact with plaintiff without privilege or consent.

68.     As a result of defendant's conduct, plaintiff has been injured.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
<u>(Malicious Abuse of Process under the laws of the State of New York)</u>

69.     Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendant police officers issued legal process to place plaintiff under arrest.

71.     Defendant police officers arrested plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

72.     Defendant police officers acted with intent to do harm to plaintiff, without excuse or justification.

73.     As a result of the aforementioned conduct, plaintiff was injured.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76.     The aforementioned conduct was committed by defendants while acting within the scope of their employment for defendant CITY OF NEW YORK.

77.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment for defendant CITY OF NEW YORK.

78.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

79.     As a result of the aforementioned conduct, plaintiff suffered emotional distress, embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR AN THIRTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

82.     Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Respondeat Superior liability under the laws of the State of New York)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89.     As a result of the foregoing, plaintiff is entitled to compensatory damages in

amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and

disbursements of this action.

**WHEREFORE**, plaintiff JOELLE HOROWITZ demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 18, 2005

                                    LEVENTHAL & KLEIN, LLP
                                    45 Main St., Ste. 820
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                    By:   _____
                                          BRETT H. KLEIN (BK4744)

                                    Attorneys for Plaintiff JOELLE
                                    HOROWITZ